[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13275
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cv-62593-DPG

FEDERAL TRADE COMMISSION,

Plaintiff - Appellee,

versus

SIMPLE HEALTH PLANS, LLC,
a Florida Limited Liability Company, et al.,

Defendants,

STEVEN J. DORFMAN,
individually and as an officer, member or manager
of Simple Health Plans LLC, Health Benefits One LLC,
Health Center Management LLC, Innovative Customer Care LLC,
Simple Insurance Leads LLC and Senior Benefits One LLC,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 5, 2020)


Before ROSENBAUM, EDMONDSON, and MARCUS, Circuit Judges.


PER CURIAM:


In this enforcement action filed by the Federal Trade Commission ("FTC"), Steven Dorfman appeals the district court's denial of his motion to dissolve a preliminary injunction entered against Dorfman and against six companies controlled by Dorfman. Dorfman contends that dissolution of the preliminary injunction is required -- pursuant to section 13(b) of the FTC Act, 15 U.S.C. § 53(b) -- because the FTC failed to initiate an administrative proceeding within 20 days after the preliminary injunction issued. The FTC has moved for summary affirmance and a stay of the briefing schedule.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is

2

frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).

An appeal is frivolous if it lacks "arguable merit either in law or fact." See Napier

v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002).

We review a district court's denial of a motion to dissolve a preliminary

injunction under an abuse-of-discretion standard. Tefel v. Reno, 180 F.3d 1286,

1295 (11th Cir. 1999). We review de novo questions of law. Id.

Section 13(b) of the FTC Act authorizes the FTC to bring suit to enjoin acts

or practices it has reason to believe are unlawful under the FTC Act. See 15

U.S.C. § 53(b). The statute contains two provisos about the issuance of

preliminary relief:

> [A] temporary restraining order or a preliminary injunction may be
> granted without bond: [1] *Provided, however,* That if a complaint is
> not filed within such period (not exceeding 20 days) as may be
> specified by the court after issuance of the temporary restraining order
> or preliminary injunction, the order or injunction shall be dissolved by
> the court and be of no further force and effect: [2] *Provided further,*
> That in proper cases the Commission may seek, and after proper
> proof, the court may issue, a permanent injunction.

Id.

The issue raised by Dorfman in this appeal has already been decided. In

FTC v. U.S. Oil & Gas Corp., the defendant -- as Dorfman has in this case --

moved the district court to dissolve a preliminary injunction on grounds that

section 13(b) required the FTC to file an administrative complaint within 20 days

after entry of a preliminary injunction.  748 F.2d 1431, 1433 (11th Cir. 1984).  The district court denied the motion; we affirmed the denial on appeal.  We concluded that -- incident to the district court's express statutory authority to issue a permanent injunction under section 13(b)'s second proviso -- the district court had authority to order preliminary relief during the pendency of an action for permanent injunctive relief.  Id. at 1443-44.

Neither the Supreme Court nor this Court sitting en banc has issued a decision overruling U.S. Oil & Gas, Corp. or undermining it to the point of abrogation.  Accordingly, U.S. Oil & Gas, Corp. remains good law.  We are bound by that decision.  See EEOC v. Exel, Inc., 884 F.3d 1326, 1332 (11th Cir. 2018) ("Under the prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." (alteration omitted)).

Because no substantial question exists for the outcome of this appeal, summary affirmance is appropriate.  See Groendyke Transp., Inc., 406 F.2d at 1162.  The FTC's motion for summary affirmance is GRANTED, and the FTC's motion to stay the briefing schedule is DENIED as moot.

AFFIRMED.